GONZALEZ SAGGIO & HARLAN, LLP
Nancy L. Allf, Bar No. 0128
nancy_allf@gshllp.com
411 E. Bonneville Avenue, Suite 100
Las Vegas, NV  89101
Telephone:    (702) 366-1866
Facsimile:    (702) 366-1945

ADORNO & YOSS LLP
Steven Gerber
sgerber@adorno.com
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey  07470-7038
Telephone:  (973) 256-9000
Facsimile:  (973) 256-9001

ADORNO YOSS ALVARDO & SMITH
John M. Sorich
jsorich@adorno.com
1 MacArthur Place, Suite 200
Santa Ana, CA 92707
Telephone:  (714) 852-6813
Facsimile:  (714) 852-6899

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| TIBAROM NV, INC., a Nevada corporation; CONSOLIDATED NEVADA CORPORATION,  a Nevada corporation; TIBAROM HOLDCO, LLC, a Nevada limited liability company; TIBAROM NY, LLC, a Nevada limited liability company; TIBAROM PA, LLC, a Nevada limited liability company; TIBAROM CA, LLC, a Nevada limited liability company; PAUL A. MORABITO; EDWARD BAYUK; SALVATORE R. MORABITO; and TREVOR LLOYD, <br><br> Plaintiffs, <br><br> v. <br><br> SHELL OIL PRODUCTS U.S., a foreign corporation; JIFFY LUBE INTERNATIONAL, INC.,  a foreign corporation; DOES 1-10; and ROE CORPORATIONS A-Z, inclusive, <br><br> Defendants. | **NOTICE OF REMOVAL** <br><br><br> Case No. _____ |

**TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

PLEASE TAKE NOTICE that defendants Pennzoil-Quaker State Company doing business as SOPUS Products (misnamed in the Amended Complaint as "Shell Oil Products U.S.") (hereinafter occasionally referred to as "SOPUS Products"), a corporation incorporated in the State of Delaware with its principal place of business at 700 Milam Street,, in the City of Houston, in the State of Texas, and Jiffy Lube International, Inc. (hereinafter occasionally referred to as "JLI"), a corporation incorporated in the State of Delaware with its principal place of business at 700 Milam Street, in the City of Houston, in the State of Texas ("Defendants"), hereby remove the above-captioned action from the Second Judicial District Court of the State of Nevada, County of Washoe, to the United States District Court for the District of Nevada, pursuant to U.S.C. §§1441 et seq., based upon the following:

1.       On or about December 21, 2007, plaintiffs Tibarom NV, Inc., Consolidated Nevada Corporation, Tibarom Holdco, LLC, Tibarom NY LLC, Tibarom PA LLC and Tibarom CA, LLC commenced an action by filing a Complaint (the "Complaint") in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, entitled TIBAROM NV, INC. a Nevada corporation, CONSOLIDATED NEVADA CORPORATION, TIBAROM HOLDCO, LLC, TIBAROM NY LLC, TIBAROM PA LLC and TIBAROM CA, LLC., plaintiffs v. SHELL OIL PRODUCTS U.S., a foreign corporation, JIFFY LUBE INTERNATIONAL, INC., a foreign corporation, DOES 1-10 and ROE CORPORATIONS A-Z INCLUSIVE [fictitious persons/entities], *Defendants*, Case No. CV-07-02976 (the "Action"). On or about January 7, 2007, plaintiffs Tibarom NV, Inc., Consolidated Nevada Corporation, Tibarom Holdco, LLC, Tibarom NY, LLC, Tibarom PA, LLC, Tibarom CA, LLC, Paul A. Morabito, Edward Baruk, Salvatore R. Morabito and Trevor Lloyd filed an Amended Complaint (the "Amended Complaint") in the Action in the Second Judicial District Court of the State of Nevada,

in and for the County of Washoe, entitled   TIBAROM NV, INC.,   a Nevada corporation; CONSOLIDATED NEVADA CORPORATION, a Nevada corporation; TIBAROM HOLDCO, LLC, a Nevada limited liability company; TIBAROM NY, LLC, a Nevada limited liability company; TIBAROM CA, LLC, a Nevada limited liability company; PAUL A. MORABITO; EDWARD BAYUK; SALVATORE R. MORABITO; and TREVOR LLOYD, plaintiffs, v. SHELL OIL PRODUCTS U.S., a foreign corporation; JIFFY LUBE INTERNATIONAL, INC., a foreign corporation; DOES 1-10; and ROE CORPORATIONS A-Z, inclusive, defendants.

2.      On January 8, 2008, copies of the Summons, the Amended Complaint and the Complaint, were served on The Corporation Trust Company of Nevada ("CT"), the registered agent for service of process in Nevada of both defendants Pennzoil-Quaker State Company doing business as SOPUS Products (misnamed in the Amended Complaint as "Shell Oil Products" U.S.") and defendant Jiffy Lube International, Inc., by delivery to CT's office in Reno, Nevada. Included with the Summons, Complaint and Amended Complaint was an Affirmation pursuant to Nevada Revised Statute 239B.030.

3.      January 8, 2008 was the first date on which defendant SOPUS Products and defendant Jiffy Lube International, Inc. received a copy of the Summons, Amended Complaint or Complaint in the Action, through service or otherwise.  Removal of this action is timely under the provisions of 28 U.S.C. § 1446(b) in that less than thirty (30) days have elapsed since defendants Pennzoil-Quaker State Company d/b/a SOPUS Products (misnamed in the Amended Complaint as "Shell Oil Products U.S.") and Jiffy Lube International, Inc. were first served with the Summons, Complaint and Amended Complaint.   See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

4.      According to the Amended Complaint, and upon information and belief:

(a)      Plaintiff Tibarom NV, Inc. is a Nevada corporation doing business in Northern

Nevada.  On information and belief, plaintiff Tibarom NV, Inc.'s principal place of business is in the City of Reno, State of Nevada;

(b) Plaintiff Consolidated Nevada Corporation is a Nevada corporation with its principal place of business is in the City of Reno, State of Nevada;

(c) Plaintiff Consolidated Nevada Corporation is a Nevada corporation with its principal place of business is in the City of Reno, State of Nevada;

(d) Plaintiff Tibarom Holdco, LLC is a Nevada limited liability company with its principal place of business in the City of Reno, State of Nevada;

(e) Plaintiff Tibarom NY, LLC is a Nevada limited liability company with its principal place of business in the City of Reno, State of Nevada, and at relevant times operated Jiffy Lube franchises in the State of New York;

(f) Plaintiff Tibarom PA LLC is a Nevada limited liability company with its principal place of business in the City of Reno, State of Nevada, and at relevant times operated Jiffy Lube franchises in the State of Pennsylvania;

(g) Plaintiff Tibarom CA, LLC is a Nevada limited liability company with its principal place of business in the City of Reno, State of Nevada, and at relevant times operated Jiffy Lube franchises in the State of California;

(h) Plaintiffs Paul A. Morabito, Edward Bayuk, Salvatore R. Morabito and Trevor Lloyd are all citizens of the State of Nevada and residing in Washoe County, Nevada.

5. Defendant Pennzoil-Quaker State Products d/b/a SOPUS Products (misnamed in the Amended Complaint as "Shell Oil Products U.S.") is a corporation incorporated in the State of Delaware with its principal place of business at 700 Milam Street, Houston, Texas.

6. Defendant Jiffy Lube International, Inc. is a corporation incorporated in the State of Delaware with its principal place of business at 700 Milam Street, Houston, Texas

7.     Plaintiffs have also named as defendants in the Amended Complaint a number of fictitious persons and business entities (DOES 1-10 and ROE CORPORATIONS A-Z .

8.     Diversity of citizenship existed among all the plaintiffs, on one hand, and defendants Pennzoil-Quaker State Company d/b/a SOPUS Products (misnamed in the Amended Complaint as "Shell Oil Products U.S.") and JLI, on the other hand, when the Amended Complaint was filed on or about January 7, 2008.  Diversity of citizenship still exists among the parties plaintiff, on one hand, and the parties defendant, on the other hand, at the time this Notice of Removal is being filed.

9.     The Amended Complaint includes, *inter alia*, claims that defendants SOPUS Products and JLI (i) breached a JLI franchise agreement by wrongfully restricting plaintiffs' rights to sell their Jiffy Lube franchise stores in Nevada for a purported contract price of $16,338,244.00, and/or unreasonably refused to approve the sales or transfer of their stores;  (ii) breached the implied covenant of good faith and fair dealing, (iii) intentionally interfered with contractual relations; and (iv) fraudulently promised to commit $10 million to Tibarom NV, Inc. for expansion and fraudulently induced Tibarom to enter into SOPUS Products supply contracts. For these allegedly wrongful acts, plaintiffs seek, *inter alia*, general and special damages, punitive damages and attorneys' fees, and as a result, and upon information and belief, the matter in controversy therefore exceeds $75,000, exclusive of interest and costs.

10.     This United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because this is a civil action in which there is complete diversity of citizenship between plaintiffs, on one hand, and defendants, on the other hand, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.     Pursuant to 28 U.S.C. §1446(b), this Notice is being filed with this Court within thirty (30) days of defendants Pennzoil-Quaker State Company d/b/a SOPUS Products (misnamed

1    in the Amended Complaint as "Shell Oil Products U.S." and JLI's first receipt on January 8, 2008

2    "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief

3    upon which such action or proceeding is based."

4        12.      Therefore, this action is removable pursuant to 28 U.S.C. §1441.

5        13.      Pursuant to 28 U.S.C. §1446(a), copies of the Summons, Complaint, Amended

6    Complaint and Affirmation pursuant to N.R.S. 239B.030, which constitute all process, pleadings

7
8    and orders received by defendants Pennzoil-Quaker State Company d/b/a SOPUS Products

9    (misnamed in the Amended Complaint as "Shell Oil Products U.S." and Jiffy Lube International,

10    Inc. or their counsel in this matter, are collectively attached hereto as Exhibit A.

11        14.      Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being

12    submitted for filing with the Clerk of the Second Judicial District Court of the State of Nevada,

13    County of Washoe, and is being served upon plaintiffs' counsel of record.

14        15.      In filing this Notice of Removal, defendants Pennzoil-Quaker State Company d/b/a

15
16    SOPUS Products (misnamed in the Amended Complaint as "Shell Oil Products U.S.") and Jiffy

17    Lube International, Inc. do not waive any defects in service of process, venue, or personal

18    jurisdiction.

19    DATED this _29_ day of January, 2008.

20
21                              _Nancy L. Allf #128_

22                              Nancy L. Allf, Esq. SBN 3785
                                GONZALEZ SAGGIO & HARLAN

23                                 411 E. Bonneville Ave., Suite 100
                                Las Vegas, Nevada 89101

24
25                                 AND

26                                 Steven Gerber
                                ADORNO & YOSS LLP

27                                 155 Willowbrook Boulevard, Suite 300
                                Wayne, New Jersey 07470-7038

28                                 ADORNO YOSS ALVARDO & SMITH

John M. Sorich
1 MacArthur Place, Suite 200
Santa Ana, CA 92707
Attorneys for PENNZOIL-QUAKER
STATE COMPANY d/b/a SOPUS
PRODUCTS (Misnamed in the Amended
Complaint as "SHELL OIL PRODUCTS
U.S.") AND JIFFY LUBE
INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I do hereby certify under penalty of perjury that I did serve a copy of NOTICE OF

REMOVAL upon the parties listed below by facsimile and by United States mail, first class

postage fully prepaid on this 30 day of January, 2008.

775-823-2929
Leif E. Reid, Esq.
Bruce T. Beesley, Esq.
Caryn S. Tijsseling, Esq.
Lewis And Roca,LLP
Bank of America Plaza
50 W. Liberty Street, Ste. 410
Reno, NV 89501

An employee of Gonzalez Saggio & Harlan, LLP

# EXHIBIT A

2008 - 6016

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
01/08/2008
CT Log Number 512956453

**TO:**   Diane G Bowman, Legal Assistant
Shell Oil Company
One Shell Plaza, 910 Louisiana St., Room 4873
Houston, TX 77002-

**RE:**   **Process Served in Nevada**

**FOR:**   Shell Oil Products US (Assumed Name) (Domestic State: DE)
Equilon Enterprises LLC (True Name)



ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Tibarom NV, Inc., et al., Pltfs. vs. Shell Oil Products U.S., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Affidavit of Service form, Affirmation, Complaint, Amended Complaint |
| **COURT/AGENCY:** | Second Judicial District Court of Washoe County, NV<br>Case # CV07-02976 |
| **NATURE OF ACTION:** | Seeks damages in excess of $10,000, etc. for breach of contract on or about march 24, 2004, re JLI Franchises |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Reno, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/08/2008 at 11:35 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days, exclusive of day of service |
| **ATTORNEY(S) / SENDER(S):** | Caryn S. Tijsseling<br>Lewis and Roca LLP<br>Bank of America Plaza<br>50 W. Liberty Street<br>Suite 410<br>Reno, NV 89501<br>775-823-2900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/08/2008, Expected Purge Date: 01/13/2008<br>Image SOP - Page(s): 20<br>Email Notification, Diane G Bowman DIANE.BOWMAN@SHELL.COM<br>Email Notification, Simon Bolanos simon.bolanos@shell.com |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Trust Company of Nevada<br>6100 Neil Road<br>Suite 500<br>Reno, NV 89511 |
| **TELEPHONE:** | 775-688-3061 |

Page 1 of 1 / AM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CODE 4085

11:35
1-8-08

[RECEIVED]
JAN 0 8 2008

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

TIBAROM NV, INC et al
_____,

Plaintiff(s),

vs.

SHELL OIL PRODUCTS U.S.
_____,

Defendant(s).

_____/

Case No. **CV07 02976**

Dept. No. _____

### SUMMONS

**TO THE DEFENDANT:  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND IN WRITING WITHIN 20 DAYS. READ THE INFORMATION BELOW VERY CAREFULLY.**

A civil complaint or petition has been filed by the plaintiff(s) against you for the relief as set forth in that document (see complaint or petition).  When service is by publication, add a brief statement of the object of the action.  See Nevada Rules of Civil Procedure, Rule 4(b).
The object of this action is: Breach of Contract _____.

1.  If you intend to defend this lawsuit, you must do the following within 20 days after service of this summons, exclusive of the day of service:
    a.  File with the Clerk of the Court, whose address is shown below, **a formal written answer** to the complaint or petition, along with the appropriate filing fees, in accordance with the rules of the Court, and;
    b.  Serve a copy of your answer upon the attorney or plaintiff(s) whose name and address is shown below.

2.  Unless you respond, a default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the complaint or petition.

Dated this  21st  day of  December  , 20 007

Issued on behalf of Plaintiff(s):

Name: Leif Reid # 5750
Address: Lewis and Roca, LLP
50 W. Liberty Ste. 410 Reno, NV 89501
Phone Number: 775-823-2900

HOWARD W. CONYERS
~~RONALD A. LONGTIN~~, JR.
CLERK OF THE COURT

By: _____ J. Sheets _____
         Deputy Clerk

Second Judicial District Court
75 Court Street
Reno, Nevada  89501

JUD 101 (Summons Revised 01/07)

**AFFIDAVIT OF SERVICE**

STATE OF _____ )
                                                              ) ss.
COUNTY OF _____ )

I, _____, being first duly sworn, deposes and says:

That affiant is a citizen of the United States, over 18 years of age, and that affiant received the

within Summons on the _____ day of _____, 20___, and personally served

a copy of the same upon _____ on the

_____ day of _____, 20___.


                                                                    _____
                                                                    Signature of Person Making Service

Subscribed and sworn to before me this

_____ day of _____, 20___.

_____
          Notary Public


**AFFIDAVIT OF MAILING**
(For use when service is by publication and mailing)

STATE OF NEVADA        )
                                              ) ss.
COUNTY OF WASHOE )

I, _____, being first duly sworn, deposes and says:

That on the _____ day of _____, 20____, affiant deposited in the United

States Mail at Reno, Nevada, a copy of the within Summons and Complaint or Petition addressed

to:_____

_____

_____

_____


                                                                    _____
                                                                    Signature of Person Who Mailed Document(s)

Subscribed and sworn to before me this

_____ day of _____, 20___.

_____
          Notary Public

Note: If service is made in any manner by NRCP Rule 4, other than personally upon the defendant,
or is made outside the United States, a special affidavit or return must be made.

JUD 101 (Summons Revised 01/07)

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF WASHOE, STATE OF NEVADA**

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document, _____

# Summons

_____

_____

(Title of Document)

filed in case number:_____

☐ Document does not contain the social security number of any person

**-OR-**

☑ Document contains the social security number of a person as required by:

☐ A specific state or federal law, to wit:

_____

(State specific state or federal law)

**-or-**

☐ For the administration of a public program

**-or-**

☐ For an application for a federal or state grant

**-or-**

☐ Confidential Family Court Information Sheet
(NRS 125.130, NRS 125.230 and NRS 125B.055)

Date: _December 21, 2007_

_Caryn Tisseling_
(Signature)

_Caryn Tisseling_
(Print Name)

_Tibarom NV, Inc. etal._
(Attorney for)

Affirmation
Revised December 15, 2006

2008-0016

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
01/08/2008
CT Log Number 512956625

|||||||||||||||||||||||||||||||||||||||||||||||||||

TO:     Diane G Bowman, Legal Assistant
        Shell Oil Company
        One Shell Plaza, 910 Louisiana St., Room 4873
        Houston, TX 77002-

RE:     **Process Served in Nevada**

FOR:    JIFFY LUBE INTERNATIONAL, INC. (Domestic State: DE)

RECEIVED
JAN 0 8 2008

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Tibarom NV, Inc., et al., Pltfs. vs. Shell Oil Products U.S., etc., et al., including Jiffy Lube International, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Affidavit of Service form, Affirmation, Complaint, Amended Complaint |
| **COURT/AGENCY:** | Second Judicial District Court of Washoe County, NV<br>Case # CV07-02976 |
| **NATURE OF ACTION:** | Seeks damages in excess of $10,000, etc. for breach of contract on or about march 24, 2004, re JLI Franchises |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Reno, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/08/2008 at 11:35 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days, exclusive of day of service |
| **ATTORNEY(S) / SENDER(S):** | Caryn S. Tijsseling<br>Lewis and Roca LLP<br>Bank of America Plaza<br>50 W. Liberty Street<br>Suite 410<br>Reno, NV 89501<br>775-823-2900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/08/2008, Expected Purge Date: 01/13/2008<br>Image SOP - Page(s): 20<br>Email Notification, Diane G Bowman DIANE.BOWMAN@SHELL.COM<br>Email Notification, Simon Bolanos simon.bolanos@shell.com |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Trust Company of Nevada<br>6100 Neil Road<br>Suite 500<br>Reno, NV 89511 |
| **TELEPHONE:** | 775-688-3061 |

Page 1 of  1 / FM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1  CODE 4085

**RECEIVED**

JAN 0 8 2008

11:35
1-8-08

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

TIBAROM NV, INC et al

Plaintiff(s),

vs.

JIFFY LUBE INTERNATIONAL, INC.

Defendant(s).

Case No. **CV07 02976**

Dept. No. _____

## SUMMONS

**TO THE DEFENDANT:  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND IN WRITING WITHIN 20 DAYS. READ THE INFORMATION BELOW VERY CAREFULLY.**

A civil complaint or petition has been filed by the plaintiff(s) against you for the relief as set forth in that document (see complaint or petition).  When service is by publication, add a brief statement of the object of the action.  See Nevada Rules of Civil Procedure, Rule 4(b).
The object of this action is: Breach of Contract

1. If you intend to defend this lawsuit, you must do the following within 20 days after service of this summons, exclusive of the day of service:
   a. File with the Clerk of the Court, whose address is shown below, **a formal written answer** to the complaint or petition, along with the appropriate filing fees, in accordance with the rules of the Court, and;
   b. Serve a copy of your answer upon the attorney or plaintiff(s) whose name and address is shown below.

2. Unless you respond, a default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the complaint or petition.

Dated this __21st__ day of __December__ 20 07.

Issued on behalf of Plaintiff(s):

Name: Leif Reid # 5750
Address: Lewis and Roca, LLP
50 W. Liberty Ste. 410 Reno, NV  89501
Phone Number: 775-823-2900

~~HOWARD W. CONYERS~~
~~RONALD A. LONGTIN, JR.~~
CLERK OF THE COURT

By: J. Sheets
          Deputy Clerk

Second Judicial District Court
75 Court Street
Reno, Nevada  89501

JUD 101 (Summons Revised 01/07)

**AFFIDAVIT OF SERVICE**

STATE OF _____ )

COUNTY OF_____ ) ss.

I, _____, being first duly sworn, deposes and says:

That affiant is a citizen of the United States, over 18 years of age, and that affiant received the

within Summons on the _____ day of _____, 20___, and personally served

a copy of the same upon _____ on the

_____ day of _____, 20___.


_____
Signature of Person Making Service

Subscribed and sworn to before me this

_____ day of _____, 20___.

_____
Notary Public

**AFFIDAVIT OF MAILING**
(For use when service is by publication and mailing)

STATE OF NEVADA     )

COUNTY OF WASHOE) ss.

I, _____, being first duly sworn, deposes and says:

That on the _____ day of _____, 20____, affiant deposited in the United

States Mail at Reno, Nevada, a copy of the within Summons and Complaint or Petition addressed

to:_____

_____

_____

_____


_____
Signature of Person Who Mailed Document(s)

Subscribed and sworn to before me this

_____ day of _____, 20___.

_____
Notary Public

Note: If service is made in any manner by NRCP Rule 4, other than personally upon the defendant,
or is made outside the United States, a special affidavit or return must be made.

JUD 101 (Summons Revised 01/07)

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF WASHOE, STATE OF NEVADA**

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document, _____

# Summons

_____

(Title of Document)

filed in case number:_____

☐ Document does not contain the social security number of any person

**-OR-**

☑ Document contains the social security number of a person as required by:

☐ A specific state or federal law, to wit:

_____

(State specific state or federal law)

**-or-**

☐ For the administration of a public program

**-or-**

☐ For an application for a federal or state grant

**-or-**

☐ Confidential Family Court Information Sheet
(NRS 125.130, NRS 125.230 and NRS 125B.055)

Date: _December 21, 2007_                    _Caryn Tijsseling_
                                            (Signature)

                                            _Caryn Tijsseling_
                                            (Print Name)

                                            _Ibanomi Inc., et al_
                                            (Attorney for)

1  **Code: $1425**
   LEIF E. REID (NV Bar No. 5750)
2  CARYN S. TIJSSELING (NV Bar No. 6521)
   **LEWIS AND ROCA LLP**
3  Bank of America Plaza
   50 W. Liberty Street, Ste. 410
4  Reno, Nevada 89501
   Telephone: (775) 823-2900
5  Facsimile: (775) 823-2929

**FILED**

2007 DEC 21  PM 3:58

HOWARD W. CONYERS

BY_____J. Sheets_____
          DEPUTY

6  *Attorneys for Plaintiff*

7

8      **IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**

9              **IN AND FOR THE COUNTY OF WASHOE**

10  TIBAROM NV, INC., a Nevada
    corporation, CONSOLIDATED NEVADA
11  CORPORATION, TIBAROM HOLDCO, LLC,
    TIBAROM NY LLC, and TIBAROM PA LLC
12  and TIBAROM CA, LLC

Case No. **CV07   02976**

Dept. No.    **1**

13                              Plaintiffs,

14      vs.

15  SHELL OIL PRODUCTS U.S., a foreign
    corporation and JIFFY LUBE
16  INTERNATIONAL, INC., a foreign corporation
    and DOES 1-10; and ROE CORPORATIONS A-
17  Z, inclusive,

RECEIVED

JAN 0 8 2008

18                              Defendants.

19                          **COMPLAINT**

20      COMES NOW, Tibarom NV, Inc., a Nevada corporation, by and through its counsel, the law

21  firm of Lewis and Roca LLP, hereby complains of Defendants JLI, as follows:

22      1.      Tibarom NV, Inc., (hereafter "Tibarom"), is a Nevada corporation doing business in

23  Northern Nevada and duly organized and existing under the laws of the State of Nevada. Consolidated

24  Nevada Corporation (hereafter "CoNevadaCo") is a Nevada corporation organized and existing under

25  the laws of the State of Nevada.   Tibarom Holdco, LLC (hereafter Tib Holdco) is a Nevada

26  corporation duly organized and existing under the laws of the State of Nevada.   Tibarom NY LLC,

27  (hereafter "Tib NY") is a Nevada Corporation duly organized and existing under the laws of the State

28

Lewis and Roca LLP
50 West Liberty Street,
Suite 410
Reno, Nevada 89501
(775) 823-2900

-1-

81366.1

of Nevada and operating Jiffy Lube franchises in the State of New York;  Tibarom PA LLC (hereafter "Tib PA") is a Nevada corporation duly organized and existing under the laws of the State of Nevada and operating Jiffy Lube franchises in the State of Pennsylvania.  Tibarom CA, LLC ("Tib CA") is Nevada corporation duly organized and existing under the laws of the State of Nevada and operating Jiffy Lube franchises in the State of California.

2.  Paul Morabito, Edward Bayuk, Salvatore R. Morabito and Trevor Lloyd are individuals residing in the state of Nevada and the Shareholders of the parent company of Tibarom.

3.  Defendant JLI International, Inc., (hereafter "JLI"), is a foreign corporation doing business in Washoe County, Nevada.

4.  Shell Oil Products U.S. (hereafter "SOPUS"), is a foreign corporation doing business in Washoe County, Nevada.

5.  Plaintiffs do not know the true names and capacities of Defendants sued herein as DOES 1-10, inclusive, and therefore sue these Defendants by fictitious names.  Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named Defendants are responsible in some actionable manner for the matters alleged herein.  Plaintiffs will amend this Complaint when the true names and capacities of such Defendants are ascertained.

## GENERAL ALLEGATIONS

6.  SOPUS is the parent company of JLI.

7.  Since 1999, Tibarom and related entities have owned and operated many JLI franchise locations throughout northern Nevada, New York, Pennsylvania, and California.  The Parties' respective obligations are governed by JLI Franchise Agreements.

8.  On or about December 23, 2003, JLI entered into an SOPUS Products Repayment and Sales Agreement ("Product Agreement").  Pursuant to the terms of the Product Agreement, JLI agreed to purchase certain minimum amounts of Quaker State products in the JLI Franchise facilities.

9.  Tibarom's franchise agreements with JLI prevent Tibarom from selling, assigning or otherwise transferring ownership of the franchises without the prior written consent of JLI.

Lewis and Roca LLP
50 West Liberty Street,
Suite 410
Reno, Nevada 89501
(775) 823-2900

-2-

81566.1

10. On or about May 28, 2004, Steve Hirst, the President of Shell's Northern American lubricant unit, committed SOPUS to extend up to $10 million in financing to permit the Plaintiffs to develop additional franchise locations for JLI. This financing would, in turn, allow SOPUS the benefit of obtaining additional Oil Supply Agreements for these locations.

11. On or about April 30, 2004, Hirst sent a letter to Morabito and Tibarom, NV, Inc., committing SOPUS to the $10 million in financing. SOPUS's promise to extend $10 million in financing additional franchises induced Plaintiffs to enter into its existing Oil Supply Agreements with SOPUS.

12. SOPUS reneged on its commitments to provide the promised financing.

13. In or about early 2005, Plaintiffs and SOPUS had a series of disagreements about its existing oil contracts and the unwillingness of SOPUS to address product and price irregularities.

14. In or about May of 2006, SOPUS proposed a resolution to the disagreements between Plaintiffs and SOPUS that would eliminate 2,443,777 units from the current SOPUS supply contracts at an approximate average value of $.25 per unit funded, or $610,944.25.

15. Through this same agreement, SOPUS agreed to forgive all past unit shortfalls that were due, a sum of approximately $156,153.22.

16. In or about October 2006, Tibarom sought approval to transfer certain JLI franchises in the Reno, Nevada area held by them to ETT Lubes, LLC.

17. Berry Hinckley Industries, Inc., the parent of Tibarom, had an agreement to sell certain JLI stores held by Tibarom, NV, Inc., to ETT Lubes LLC.

18. The principals of ETT Lubes are Ed, Tim and Troy Herbst (collectively "the Herbsts").

19. The Herbsts' father, Jerry Herbst, owns 100% of Terrible Herbst, Inc., and Ed, Tim and Troy are officers and directors of Terrible Herbst.

20. Terrible Herbst owns approximately 100 convenience stores/gas stations in Southern Nevada.

Lewis and Roca LLP
50 West Liberty Street,
Suite 410
Reno, Nevada 89501
(775) 823-2900

-3-

81566.1

21.    Terrible's locations range from stand-alone convenience stores to carwash, gas station, and lube center combinations.

22.    Terribles does not operate any lube stores in the counties in northern Nevada where Plaintiff Tib NV operates its JLI stores.

23.    Terribles' lube stores in southern Nevada compete with other JLI stores owned by other franchisees.  Terrible"s lube stores do not compete with Plaintiff's JLI stores in northern Nevada.

24.    ETT Lubes was prepared to acquire the stores from Plaintiff Tib NV for $16,338,244.00, and had executed a contract to complete this sale.

25.    When Plaintiff requested that JLI consent to this transfer, JLI expressed concern that the principals of ETT Lubes were officers and directors of Terribles and would someday inherit the Terribles stores from their father.

26.    JLI unreasonably withheld its consent to the ETT Lubes transaction.  JLI would not consent to this transaction because SOPUS would not allow it to do so.  SOPUS required JLI to withhold consent based upon the pre-text of the non-compete provision contained in the JLI Franchise Agreement.

27.    Plaintiff is informed and believes that ETT Lubes was willing to accept certain conditions on the transfer.  SOPUS, however, imposed upon JLI additional conditions that were designed to make the transaction less appealing to the principals of ETT Lubes, including a requirement that ETT Lubes agree in advance to divest its JLI stores in the event that ETT Lube's principal, Jerry Herbst, were to pass away in the future and leave his chain of Las Vegas based quicklubes to his three sons.

28.    ETT Lubes refused to accept these conditions and the sale was not consummated.

29.    JLI's speculation about potential future competition by ETT Lubes' principals was not a proper basis to disapprove the transfer of the northern Nevada JLI franchises.

30.     In or about August 2007, other third parties were negotiating directly with JLI for the purchase of Plaintiff's franchises.  SOPUS/JLI have unreasonably refused to approve these sales, including sales to existing and former JLI franchisees.

31.     Plaintiffs are informed and believes that SOPUS/JLI will not communicate with any potential buyers of Plaintiffs' franchises.

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

31.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 40 herein as though the same were again set forth verbatim.

32.     On or about March 24, 2004, the parties entered into a Franchise Agreement.

33.     Tibarom performed as required under that contract.

34.     JLI has breached that contract by wrongfully restricting Plaintiffs' rights to sell their JLI Franchises.

45.     As a result, Plaintiffs have suffered damages in excess of $10,000.00.

### SECOND CLAIM FOR RELIEF
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

46.     Tibarom realleges and incorporates by reference the allegations of paragraphs 1 through 45 herein as though the same were again set forth verbatim.

47.     The Plaintiffs entered into Franchise Agreements with JLI.  The Plaintiffs have also entered into Oil Supply Agreements with SOPUS.

48.     SOPUS /JLI owed a duty of good faith to Tibarom.

49.     SOPUS /JLI breached its duty of good faith by performing in a manner that was unfaithful to the purpose of the contract by unreasonably withholding consent to the sale of the franchises by Plaintiffs and in imposing unreasonable conditions on the sale of the franchises.

50.     As a result, Plaintiffs' justified expectations were denied.

51.     Plaintiffs have been required to retain counsel to bring these claims and is entitled to reasonable attorneys' fees and costs.

Lewis and Roca LLP
50 West Liberty Street,
Suite 410
Reno, Nevada 89501
(775) 823-2900

-5-

81566.1

52. As a result, Plaintiffs have suffered damages in excess of $10,000.00.

## THIRD CLAIM FOR RELIEF
(Intentional Interference with Contractual Relations)

53. Tibarom realleges and incorporates by reference the allegations of paragraphs 1 through 52 herein as though the same were set forth verbatim.

54. Tibarom had entered into contracts to sell its JLI franchises to qualified buyers.

55. SOPUS knew of the contractual relationship between Tibarom and Herbsts.

56. SOPUS placed unreasonable conditions and withheld consent to the sale of the Plaintiffs' JLI franchises with the intent to prevent the sale of Plaintiffs' JLI franchises.

57. SOPUS knew that the transaction between Plaintiffs and the buyers of their franchises were certain or substantially certain to occur.

58. SOPUS withheld consent and made unreasonable conditions for the sale of the franchises with the conscious desire to prevent the transaction from occurring.

59. Tibarom suffered actual harm as a result of the interference with the potential contractual relationship in an amount to be established at the time of trial but greater than ten thousand dollars ($10,000.00).

## FOURTH CLAIM FOR RELIEF
(Fraudulent Inducement)

60. Tibarom realleges and incorporates by reference the allegations of paragraphs 1 through 59 herein as though the same were set forth verbatim.

61. By fraudulently promising to commit $10 million to Tibarom's expansion, SOPUS /JLI induced Tibarom entered into the SOPUS supply contracts.

62. SOPUS /JLI knew the promise to commit $10 million to Tibarom was false or that there was an insufficient basis for making such a commitment at the time the representation was made.

63. SOPUS /JLI intended to induce Tibarom to enter into the supply contracts by making the $10 million financing commitment.

Lewis and Roca LLP
50 West Liberty Street,
Suite 410
Reno, Nevada 89501
(775) 823-2900

81566.1

64.     Tibarom justifiably relied upon that fraudulent commitment in entering into the supply contracts;

65.     Tibarom has been damaged by the failure of SOPUS /JLI to fulfill its' commitment to Tibarom.

66.     Tibarom has been damaged in an amount to be proven at trial but greater than $10,000.00

67.     Tibarom has been required to retain counsel to pursue this action against SOPUS /JLI and is therefore entitled to reasonable attorneys' fees and costs incurred herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of the them as follows:

1.      For general and special damages in excess of $10,000.00;

2.      For reasonable attorneys fees incurred in this action;

3.      For costs of suit incurred herein;

4.      For punitive damages; and

5.      For such other and further relief as the court may deem just and proper.

The undersigned hereby affirms that this document does not contain the social security number of any person.

RESPECTFULLY SUBMITTED this 21st day of December, 2007.

BECKLEY SINGLETON, CHTD.

By:      _____
         LEIF E. REID, ESQ.
         CARYN S. TIJSSELING, ESQ.

         *Attorneys for Plaintiff*

Lewis and Roca LLP
50 West Liberty Street,
Suite 410
Reno, Nevada 89501
(775) 823-2900

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF WASHOE, STATE OF NEVADA**

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document, _____

## Complacent

_____

(Title of Document)

filed in case number:_____

[✓] Document does not contain the social security number of any person

-OR-

[ ] Document contains the social security number of a person as required by:

[ ] A specific state or federal law, to wit:

_____

(State specific state or federal law)

-or-

[ ] For the administration of a public program

-or-

[ ] For an application for a federal or state grant

-or-

[ ] Confidential Family Court Information Sheet
(NRS 125.130, NRS 125.230 and NRS 125B.055)

Date: _December 21, 2007_

_Caryn Tisseling_
(Signature)

_Caryn Tisseling_
(Print Name)

_Tibaron NV, et. al._
(Attorney for)

**Code: 1090**
LEIF E. REID (NV Bar No. 5750)
BRUCE T. BEESLEY (NV Bar No. 1164)
CARYN S. TIJSSELING (NV Bar No. 6521)
**LEWIS AND ROCA LLP**
Bank of America Plaza
50 W. Liberty Street, Ste. 410
Reno, Nevada 89501
Telephone: (775) 823-2900
Facsimile: (775) 823-2929

*Attorneys for Plaintiff*

FILED

2008 JAN -7 PM 3: 11

HOWARD W. CONYERS

BY_____ D. Jaramillo

DEPUTY

# IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## IN AND FOR THE COUNTY OF WASHOE

TIBAROM NV, INC., a Nevada corporation;
CONSOLIDATED NEVADA CORPORATION,
a Nevada corporation; TIBAROM HOLDCO,
LLC, a Nevada limited liability company;
TIBAROM NY, LLC, a Nevada limited liability
company; TIBAROM PA, LLC, a Nevada
limited liability company; TIBAROM CA, LLC,
a Nevada limited liability company; PAUL A.
MORABITO;      EDWARD      BAYUK;
SALVATORE R. MORABITO; and TREVOR
LLOYD,

                                   Plaintiffs,

vs.

SHELL OIL PRODUCTS U.S., a foreign
corporation; JIFFY LUBE INTERNATIONAL,
INC., a foreign corporation; DOES 1-10; and
ROE CORPORATIONS A-Z, inclusive,

                                   Defendants.

Case No. CV07-02976

Dept. No. 1

**AMENDED COMPLAINT**

RECEIVED
JAN 0 8 2008

## COMPLAINT

COMES NOW, Tibarom NV, Inc., a Nevada corporation, Tibarom NV, Inc., a Nevada

corporation; Consolidated Nevada Corporation, a Nevada corporation; Tibarom HoldCo, LLC, a

Nevada limited liability company; Tibarom NY, LLC, a Nevada limited liability company; Tibarom,

PA LLC, a Nevada limited liability company; Tibarom CA, LLC, a Nevada limited liability company;

Paul A. Morabito; Edward Bayuk; Salvatore R. Morabito; and Trevor Lloyd, (collectively,

"Plaintiffs") by and through its counsel, the law firm of Lewis and Roca LLP, hereby complains of

Lewis and Roca LLP
50 West Liberty Street,
Suite 410
Reno, Nevada 89501
(775) 823-2900

81566.1

Defendants Jiffy Lube International, Inc., a foreign corporation and Shell Oil Products U.S., a foreign corporation (together, "Defendants") as follows:

1.     Tibarom NV, Inc., (hereafter "Tibarom"), is a Nevada corporation doing business in Northern Nevada and duly organized and existing under the laws of the State of Nevada. Consolidated Nevada Corporation (hereafter "CoNevadaCo") is a Nevada corporation organized and existing under the laws of the State of Nevada.  Tibarom Holdco, LLC (hereafter Tib Holdco) is a Nevada limited liability company duly organized and existing under the laws of the State of Nevada.  Tibarom NY, LLC, (hereafter "Tib NY") is a Nevada limited liability company duly organized and existing under the laws of the State of Nevada and operating Jiffy Lube franchises in the State of New York. Tibarom, PA LLC (hereafter "Tib PA") is a Nevada limited liability company duly organized and existing under the laws of the State of Nevada and operating Jiffy Lube franchises in the State of Pennsylvania. Tibarom CA, LLC ("Tib CA") is Nevada limited liability company duly organized and existing under the laws of the State of Nevada and operating Jiffy Lube franchises in the State of California.

2.     Plaintiff Paul Morabito ("Morabito") is an individual residing in Washoe County, Nevada and a shareholder of the parent company of Tibarom.

3.     Plaintiff Edward Bayuk is an individual residing in Washoe County, Nevada and a shareholder of the parent company of Tibarom.

4.     Plaintiff Salvatore R. Morabito is an individual residing in Washoe County, Nevada and a shareholder of the parent company of Tibarom.

5.     Plaintiff Trevor Lloyd is an individual residing in Washoe County, Nevada and a shareholder of the parent company of Tibarom.

6.     Defendant Jiffy Lube International, Inc., (hereafter "JLI"), is a foreign corporation doing business in Washoe County, Nevada.

7.     Shell Oil Products U.S. (hereafter "SOPUS"), is a foreign corporation doing business in Washoe County, Nevada.

Lewis and Roca LLP
50 West Liberty Street,
Suite 410
Reno, Nevada 89501
(775) 823-2900

81566.1

8.  Plaintiffs do not know the true names and capacities of Defendants sued herein as DOES 1-10, inclusive, and therefore sue these Defendants by fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named Defendants are responsible in some actionable manner for the matters alleged herein. Plaintiffs will amend this Complaint when the true names and capacities of such Defendants are ascertained.

## GENERAL ALLEGATIONS

9.  SOPUS is the parent company of JLI.

10.  Since 1999, Tibarom and related entities have owned and operated many JLI franchise locations throughout Northern Nevada, New York, Pennsylvania, and California. The parties' respective obligations are governed by JLI Franchise Agreements.

11.  On or about December 23, 2003, JLI entered into an SOPUS Products Repayment and Sales Agreement ("Product Agreement"). Pursuant to the terms of the Product Agreement, JLI agreed to purchase certain minimum amounts of Quaker State products in the JLI Franchise facilities.

12.  Tibarom's franchise agreements with JLI prevent Tibarom from selling, assigning or otherwise transferring ownership of the franchises without the prior written consent of JLI.

13.  On or about May 28, 2004, Steve Hirst, the President of Shell's Northern American lubricant unit, committed SOPUS to extend up to $10 million in financing to permit the Plaintiffs to develop additional franchise locations for JLI. This financing would, in turn, allow SOPUS the benefit of obtaining additional Oil Supply Agreements for these locations.

14.  On or about April 30, 2004, Hirst sent a letter to Morabito and Tibarom committing SOPUS to the $10 million in financing. SOPUS's promise to extend $10 million in financing additional franchises induced Plaintiffs to enter into its existing Oil Supply Agreements with SOPUS.

15.  SOPUS reneged on its commitments to provide the promised financing.

16.  In or about early 2005, Plaintiffs and SOPUS had a series of disagreements about its existing oil contracts and the unwillingness of SOPUS to address product and price irregularities.

Lewis and Roca LLP
50 West Liberty Street,
Suite 410
Reno, Nevada 89501
(775) 823-2900

81566.1

17.    In or about May of 2006, SOPUS proposed a resolution to the disagreements between Plaintiffs and SOPUS that would eliminate 2,443,777 units from the current SOPUS supply contracts at an approximate average value of $.25 per unit funded, or $610,944.25.

18.    Through this same agreement, SOPUS agreed to forgive all past unit shortfalls that were due, a sum of approximately $156,153.22.

19.    In or about October 2006, Tibarom sought approval to transfer certain JLI franchises in the Reno, Nevada area held by them to ETT Lubes, LLC ("ETT Lubes").

20.    Berry Hinckley Industries, Inc., the parent of Tibarom, had an agreement to sell certain JLI stores held by Tibarom to ETT Lubes.

21.    The principals of ETT Lubes are Ed, Tim and Troy Herbst (collectively, the "Herbsts").

22.    The Herbsts' father, Jerry Herbst, owns 100% of Terrible Herbst, Inc., ("Terrible Herbst") and Ed, Tim and Troy are officers and directors of Terrible Herbst.

23.    Terrible Herbst owns approximately 100 convenience stores/gas stations in Southern Nevada.

24.    Terrible Herbst's locations range from stand-alone convenience stores to carwash, gas station, and lube center combinations.

25.    Terrible Herbst does not operate any lube stores in the counties in Northern Nevada where Plaintiff Tib NV operates its JLI stores.

26.    Terrible Herbst's lube stores in Southern Nevada compete with other JLI stores owned by other franchisees.  Terrible Herbst's lube stores do not compete with Plaintiff's JLI stores in Northern Nevada.

27.    ETT Lubes was prepared to acquire the stores from Plaintiff Tib NV for $16,338,244.00, and had executed a contract to complete this sale.

Lewis and Roca LLP
50 West Liberty Street,
Suite 410
Reno, Nevada 89501
(775) 823-2900

-4-

81566.1

28.     When Plaintiff requested that JLI consent to this transfer, JLI expressed concern that the principals of ETT Lubes were officers and directors of Terrible Herbst and would someday inherit the Terrible Herbst stores from their father.

29.     JLI unreasonably withheld its consent to the ETT Lubes transaction.  JLI would not consent to this transaction because SOPUS would not allow it to do so.  SOPUS required JLI to withhold consent based upon the pre-text of the non-compete provision contained in the JLI Franchise Agreement.

30.     Plaintiff is informed and believes that ETT Lubes was willing to accept certain conditions on the transfer.  SOPUS, however, imposed upon JLI additional conditions that were designed to make the transaction less appealing to the principals of ETT Lubes, including a requirement that ETT Lubes agree in advance to divest its JLI stores in the event that ETT Lube's principal, Jerry Herbst, were to pass away in the future and leave his chain of Las Vegas based quicklubes to his three sons.

31.     ETT Lubes refused to accept these conditions and the sale was not consummated.

32.     JLI's speculation about potential future competition by ETT Lubes' principals was not a proper basis to disapprove the transfer of the Northern Nevada JLI franchises.

33.     In or about August 2007, other third parties were negotiating directly with JLI for the purchase of Plaintiff's franchises.  SOPUS/JLI have unreasonably refused to approve these sales, including sales to existing and former JLI franchisees.

34.     Plaintiffs are informed and believes that SOPUS/JLI will not communicate with any potential buyers of Plaintiffs' franchises.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

35.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 34 herein as though the same were again set forth verbatim.

36.     On or about March 24, 2004, the parties entered into a Franchise Agreement.

Lewis and Roca LLP
50 West Liberty Street,
Suite 410
Reno, Nevada 89501
(775) 823-2900

-5-

815665.1

37.    Tibarom performed as required under that contract.

38.    JLI has breached that contract by wrongfully restricting Plaintiffs' rights to sell their JLI franchises.

39.    As a result, Plaintiffs have suffered damages in excess of $10,000.00.

**SECOND CLAIM FOR RELIEF**
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

40.    Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 39 herein as though the same were again set forth verbatim.

41.    Plaintiffs entered into Franchise Agreements with JLI.  The Plaintiffs have also entered into Oil Supply Agreements with SOPUS.

42.    SOPUS /JLI owed a duty of good faith to Plaintiffs.

43.    SOPUS /JLI breached its duty of good faith by performing in a manner that was unfaithful to the purpose of the contract by unreasonably withholding consent to the sale of the franchises by Plaintiffs and in imposing unreasonable conditions on the sale of the franchises.

44.    As a result, Plaintiffs' justified expectations were denied.

45.    Plaintiffs have been required to retain counsel to bring these claims and is entitled to reasonable attorneys' fees and costs.

46.    As a result, Plaintiffs have suffered damages in excess of $10,000.00.

**THIRD CLAIM FOR RELIEF**
(Intentional Interference with Contractual Relations)

47.    Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 46 herein as though the same were set forth verbatim.

48.    Plaintiffs had entered into contracts to sell its JLI franchises to qualified buyers.

49.    SOPUS knew of the contractual relationship between Tibarom and Herbsts.

50.    SOPUS placed unreasonable conditions and withheld consent to the sale of the Plaintiffs' JLI franchises with the intent to prevent the sale of Plaintiffs' JLI franchises.

Lewis and Roca LLP
50 West Liberty Street,
Suite 410
Reno, Nevada 89501
(775) 823-2900

81566.1

51.     SOPUS knew that the transaction between Plaintiffs and the buyers of their franchises were certain or substantially certain to occur.

52.     SOPUS withheld consent and made unreasonable conditions for the sale of the franchises with the conscious desire to prevent the transaction from occurring.

53.     Plaintiffs suffered actual harm as a result of the interference with the potential contractual relationship in an amount to be established at the time of trial but greater than ten thousand dollars ($10,000.00).

### FOURTH CLAIM FOR RELIEF
(Fraudulent Inducement)

54.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 53 herein as though the same were set forth verbatim.

55.     By fraudulently promising to commit $10 million to Tibarom's expansion, SOPUS /JLI induced Tibarom to enter into the SOPUS supply contracts.

56.     SOPUS /JLI knew the promise to commit $10 million to Tibarom was false or that there was an insufficient basis for making such a commitment at the time the representation was made.

57.     SOPUS /JLI intended to induce Tibarom to enter into the supply contracts by making the $10 million financing commitment.

58.     Plaintiffs justifiably relied upon that fraudulent commitment in entering into the supply contracts.

59.     Plaintiffs were damaged by the failure of SOPUS /JLI to fulfill its' commitment to Tibarom.

60.     Plaintiffs were damaged in an amount to be proven at trial but greater than $10,000.00

61.     Plaintiffs were required to retain counsel to pursue this action against SOPUS /JLI and are therefore entitled to reasonable attorneys' fees and costs incurred herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants against each of them as follows:

Lewis and Roca LLP
50 West Liberty Street,
Suite 410
Reno, Nevada 89501
(775) 823-2900

-7-

1.   For general and special damages in excess of $10,000.00;

2.   For reasonable attorneys fees incurred in this action;

3.   For costs of suit incurred herein;

4.   For punitive damages; and

5.   For such other and further relief as the court may deem just and proper.

The undersigned hereby affirms that this document does not contain the social security number of any person.

RESPECTFULLY SUBMITTED this 7th day of January, 2008.

**LEWIS AND ROCA LLP**

By:   *Jauett Angle (#9564) for*
LEIF E. REID, ESQ.
BRUCE T. BEESLEY, ESQ.
CARYN S. TIJSSELING, ESQ.

*Attorneys for Plaintiff*

Lewis and Roca LLP
50 West Liberty Street,
Suite 410
Reno, Nevada 83501
(775) 823-2900

81566.1